IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | No. 1:19-CR- 70 |
| v. | § | |
| | § | |
| KHRISTAL FORD | § | |

## PLEA AGREEMENT

The defendant, **Khristal Ford**, the defendant's attorney, **John D. McElroy**, and the

United States Attorney for the Eastern District of Texas and the United States Department

of Justice, Civil Rights Division, Criminal Section agree to the following:

1.    **RIGHTS OF THE DEFENDANT**:   The defendant understands that accused

individuals have the following rights, among others:

      a.    to plead not guilty;

      b.    to have a trial by jury;

      c.    to have guilt proved beyond a reasonable doubt;

      d.    to confront and cross-examine witnesses and to call witnesses in
defense; and

      e.    to not be compelled to testify against oneself.

2.    **WAIVER OF RIGHTS AND PLEA OF GUILTY**:   The defendant waives these

rights and agrees to enter a plea of guilty to Count One of the Information, which charges

a violation of 18 U.S.C. §§ 242 and 2, for aiding and abetting another correctional officer

in the deprivation of rights under color of law.  The defendant understands the nature and

elements of the crime to which guilt is admitted and agrees that the factual statement the

defendant has signed is true and will be submitted as evidence.

    3.    **SENTENCE**:  The maximum penalties the Court can impose include:

        a.    imprisonment for a period not more than 10 years;

        b.    a fine not to exceed $250,000.00;

        c.    a term of supervised release of not more than three (3) years, which may be mandatory under the law and will follow any term of imprisonment.  If the defendant violates the conditions of supervised release, the consequence could be imprisonment for the entire term of supervised release;

        d.    a mandatory special assessment of $100.00, which must be paid by cashier's check or money order to the United States District Clerk;

        e.    forfeiture of property involved in or traceable to the criminal offense;

        f.    restitution to victims or to the community; and

        g.    costs of incarceration and supervision.

    4.    **COURT'S SENTENCING DISCRETION AND ROLE OF THE GUIDELINES**:  The

defendant understands that the sentence in this case will be imposed by the Court after

consideration of the U.S. SENTENCING GUIDELINES MANUAL (U.S.S.G. or guidelines).

The guidelines are not binding on the Court, but are advisory only.  The defendant has

reviewed the guidelines with defense counsel, but understands that no one can predict with

certainty the outcome of the Court's consideration of the guidelines in this case.  The

defendant will not be allowed to withdraw the plea entered pursuant to this agreement if

the sentence is higher than expected, so long as it is within the statutory maximum.  The

defendant understands that the actual sentence to be imposed is solely in the discretion of the Court.

5.     **GUIDELINE STIPULATIONS**: The parties stipulate to the following factors that affect the appropriate sentencing range in this case:

> A reduction of three levels for acceptance of responsibility under U.S.S.G. § 3E1.1 applies; however, this stipulation is subject to recommendation of the United States Probation Office. **If circumstances indicating that the defendant has not accepted responsibility become known after execution of this agreement, this stipulation is void and the defendant may object to the failure of the presentence report to recommend the reduction. The government's request to decrease the offense level by <u>one</u> level in accordance with U.S.S.G. § 3E1.1(b) is contingent on the defendant demonstrating acceptance of responsibility for the offense conduct and cooperating fully in recovering restitution for all relevant conduct.**

The parties understand that the Court is not bound by this stipulation.  Furthermore, the parties specifically agree that other specific offense characteristics or guideline adjustments may increase or decrease the appropriate sentencing range.  Nothing in this agreement will preclude argument by either party regarding any other specific offense characteristic or guideline adjustment.  Based on the defendant's criminal history, the defendant's base offense level may increase under the guidelines implementing the Armed Career Criminal Act, U.S.S.G. § 4B1.4.  It will not be a violation of this agreement for either party to argue for or against the changed offense level resulting from the defendant's criminal history.

6.     **ACCEPTANCE OF RESPONSIBILITY**:  The defendant understands that by accepting responsibility and giving truthful and complete information concerning her participation in the offense of conviction she may be entitled to a reduction in her offense

level under section 3E1.1 of the Sentencing Guidelines.  The defendant shall not violate any other state or federal law or take any action that would obstruct the government's investigation into the offense of conviction or other criminal activities.  Upon request, the defendant shall submit a personal financial statement under oath and submit to interviews by the government and the United States Probation Office regarding her ability to satisfy any fines or restitution to be imposed.

7.      **RESTITUTION**:  The defendant understands that restitution may be ordered by the Court.  The defendant agrees that restitution in this case is not limited to the offense of conviction and may include restitution for all losses caused by the defendant's criminal conduct, even if such losses resulted from crimes not charged or admitted by the defendant in the factual statement.  The defendant waives any defense or objection to any action to enforce the collection of the financial obligations to be imposed in connection with this prosecution, including, but not limited to, all collection procedures authorized by 28 U.S.C. § 3001, 18 U.S.C. § 3664(j)(2), or 18 U.S.C. § 3613(f).

8.      **GOVERNMENT'S AGREEMENT**:  The Government agrees not to prosecute the defendant for any additional criminal charges based upon the conduct underlying and related to the defendant's plea of guilty.

9.      **VIOLATION OF AGREEMENT**:   The defendant understands that upon violation of any provision of this agreement or any Court order or rule, or if the guilty plea pursuant to this agreement is vacated or withdrawn, the government will be free from its obligations under this agreement and may prosecute the defendant for all offenses of which

**Plea Agreement – Page 4**
**Rev. 4/23/19**

it has knowledge. In such event, the defendant waives any objections based upon delay in prosecution.

10. **VOLUNTARY PLEA**: This plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises other than those set forth in this agreement.

11. **WAIVER OF RIGHT TO APPEAL OR OTHERWISE CHALLENGE SENTENCE**: Defendant understands that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 may give a criminal defendant the right to appeal her conviction, sentence, restitution, fine, and judgment imposed by the Court. Defendant also understands that she may have the right to file collateral challenges to her conviction and sentence, and judgment, including but not limited to rights provided by Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, and writs of coram nobis and audita querela. Defendant further understands that Title 18, United States Code, Section 3582(c)(2) may allow the Court to grant a sentencing reduction to the defendant if the defendant has been sentenced to a term of imprisonment based upon a sentencing range that has been subsequently lowered by the United States Sentencing Commission and determined to apply retroactively to defendants who already have been sentenced to a term of imprisonment.

Acknowledging these rights, subject only to the exceptions indicated in subsection (d) below, the defendant, in exchange for the promise(s) and agreement(s) made by the United States in this plea agreement, knowingly and voluntarily:

a.      Waives and gives up any right to appeal or contest her guilty plea, conviction, sentence, fine, supervised release, and any restitution imposed by any judge under any applicable restitution statute, including but not limited to any right to appeal any rulings on pretrial motions of any kind whatsoever, as well as any aspect of her sentence, including but not limited to any and all rights which arise under Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291;

b.      Waives and gives up any right to appeal any order, decision, or judgment arising out of or related to Title 18, United States Code, Section 3582(c)(2) imposed by any judge and further waives and gives up any right to challenge the manner in which her sentence was determined and to challenge any United States Sentencing Guidelines determinations and their application by any judge to the defendant's sentence and judgment;

c.      Waives and gives up any right to challenge her sentence collaterally, including but not limited to any and all rights which arise under Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, writs of *coram nobis* and *audita querela*, and any other collateral challenges to her sentence of any kind; and

d.      The defendant specifically does not waive, and retains the right to bring a direct appeal of any sentence imposed in excess of the statutory maximum.  The defendant also retains the right to raise a claim of ineffective assistance of counsel in an appropriate proceeding.

The defendant understands and acknowledges that her knowing and voluntary waiver of the right to appeal or collaterally attack her conviction and sentence includes waiving the right to raise on appeal or on collateral review any argument that (1) the statute(s) to which the defendant is pleading guilty is unconstitutional and (2) the admitted conduct does not fall within the scope of the statute(s).

12.    **WAIVER OF RIGHT TO RECORDS**:  The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

13.    **WAIVER OF RIGHTS PURSUANT TO RULE 410(A)**: In an effort to resolve this matter in a timely fashion and show good faith, the defendant agrees to knowingly, voluntarily, and expressly waive her rights pursuant to Rule 410(a) of the Federal Rules of Evidence upon signing this plea agreement and the factual basis.   The defendant understands and agrees that if she violates the plea agreement, if she withdraws her decision to plead guilty, or if her guilty plea is later withdrawn or otherwise set aside, any statements she has made to law enforcement agents or an attorney for the prosecuting authority during plea discussions, any statements she has made during any court proceeding involving her plea of guilty (including any factual bases or summaries signed by the defendant), and any leads from such statements, factual bases or summaries, shall be admissible for all purposes against the defendant in any and all criminal proceedings.

14. **REPRESENTATION OF COUNSEL**: The defendant has thoroughly reviewed all legal and factual aspects of this case with defense counsel and is fully satisfied with defense counsel's legal representation. The defendant has received satisfactory explanations from defense counsel concerning each paragraph of this plea agreement, each of the defendant's rights affected thereby, and the alternatives to entering a guilty plea. After conferring with counsel, the defendant concedes guilt and has concluded that it is in the defendant's best interest to enter this agreement rather than proceeding to trial.

15. **LIMITATIONS ON THIS AGREEMENT**: This agreement is only binding on the United States Attorney's Office for the Eastern District of Texas and the United States Department of Justice Civil Rights Division, Criminal Section and does not bind any other federal, state, or local prosecuting authority. Nothing in this agreement shall be construed to release the defendant from possible related or consequential civil liability to any individual, legal entity, or the United States.

16. **ENTIRETY OF AGREEMENT**: This Plea Agreement consists of this document and the sealed addendum required by Local Rule CR-49. References in this document to "agreement" or "Plea Agreement" refer to both this document and the sealed addendum. The defendant, the defendant's attorney, and the government acknowledge that this agreement is a complete statement of the parties' agreement in this case. It supersedes all other plea agreements and may not be modified unless the modification is in writing and signed by all parties. No other promises have been made or implied.

Respectfully submitted,

JOSEPH D. BROWN
UNITED STATES ATTORNEY

Dated: 5/1/2019

MICHAEL A. ANDERSON
Assistant United States Attorney

Dated: 5/8/19

NICHOLAS REDDICK
Trial Attorney
Civil Rights Division, Criminal Section
U.S. Department of Justice

I have read or had read to me this plea agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

Dated: 4/30/19

KHRISTAL FORD
Defendant

I am counsel for the defendant. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge and belief, my client's decision to enter into this plea agreement is an informed and voluntary one.

Dated: 5-1-2019

JOHN D. McELROY
Attorney for Defendant